Affirmed and Memorandum Opinion filed February 24, 2004









Affirmed
and Memorandum Opinion filed February 24, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00370-CR

____________

 

CHRISTOPHER DAVID
CHILDERS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 942,345

 



 

M E M O R A N D U M   O P I N I O N

Appellant Christopher David Childers
appeals his conviction for the felony offense of aggravated assault.  After entering a plea of not guilty,
appellant=s case was tried before a jury, which
found him guilty of the crime above and assessed punishment at sixteen years= confinement.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion. See Tex. R. App. P. 47.4.  We affirm.








In his sole issue on appeal, appellant
argues that the evidence is factually insufficient to sustain his
conviction.  We apply the usual standard
of review for factual sufficiency. See King v. State, 29 S.W.3d 556, 563
(Tex. Crim. App. 2000).  The judgment of
the trial court will be sustained if it is correct on any theory of law
applicable to the case. State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim.
App. 2000).

A person commits the offense of aggravated
assault if the person commits assault and either causes Aserious bodily
injury@ to another, or
uses or exhibits a Adeadly weapon@ during the
commission of the assault.  See Tex. Pen. Code Ann. ' 22.02(a) (Vernon
1994).  Appellant does not contest the
finding that he committed assault; thus, the only issue before this court is
whether he either caused serious bodily injury to another, or used or exhibited
a deadly weapon[1]
during the assault.

It is well settled that a person=s hands can become
deadly weapons under section 22.02(a) depending upon the manner of their use. See,
e.g.,  Turner v. State, 664 S.W.2d
86, 90 (Tex. Crim. App. 1983).  It has
further been established that when one uses his hand to choke another person,
the hand constitutes a deadly weapon under the statute. See Judd v. State,
923 S.W.2d 135, 140 (Tex.
App.CFort Worth 1996, pet. ref=d).  The victim in this case testified that
appellant put his hands around her neck and choked her during the commission of
the assault.  In fact, appellant even
admits in his brief before this court that he choked her during the
struggle.  At trial, the victim
identified through photographic evidence the resulting bruises and red marks
she sustained on her neck.  Further,
Deputy R. McElvany of the Harris County Sheriff=s Office testified
that he noticed some redness on the victim=s neck when he
visited her at the hospital.

Against this evidence, the record reflects
that Deputy Tim Mordecai testified that he did not see, based on the
photographs, Aa whole lot@ of redness and
bruising on the victim=s neck. 
Dr. Carlton Perry, who examined the victim, also testified that he
probably would have expected to see more redness and bruising than what appeared in the photographs.








Based on this evidence, we cannot say that
the proof of guilt here is either so obviously weak as to undermine confidence
in the jury=s verdict or greatly outweighed by
contrary proof.  We find that the
evidence presented is factually sufficient to support appellant=s use of a deadly
weapon during the assault, and therefore, his conviction for aggravated assault
as well.  Accordingly, appellant=s sole issue is
overruled.

The judgment is affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 24, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Appellant
contends that because the victim did not suffer serious bodily injury, the
evidence was insufficient to support his conviction.  However, a Adeadly
weapon@ finding 
requires only that the instrument used be capable of causing
death or serious bodily injury. Tex.
Pen. Code Ann. ' 1.07(a)(17) (Vernon 1994).